```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------X               CV 03 600
DAVID LUIS, GABRIELA HERRERA and URBANO
LUIS,                                                    COMPLAINT

                        Plaintiffs,

        -against-
                                                         CIVIL ACTION NO.:
CITY OF NEW YORK, POLICE OFFICERS MAGUIRRE,
SHIELD #20310, MONROE, KUSHNER, SHIELD                   DEARIE, J.
#3544, and KENNETH FOLEY, TAX REG #890025,
LIEUTENANT FALTINGS and UNIDENTIFIED NEW
YORK CITY POLICE OFFICERS,
                                                         JURY TRIAL DEMANDED
                        Defendants.
-----------------------------------------X               GOLD, M.J.
```

The plaintiffs, complaining of the defendants, by their attorney, THOMAS SHEEHAN, ESQ. of CHEDA & SHEEHAN, respectfully show to this Court and allege:

### JURISDICTION

1. Jurisdiction is founded upon the existence of a Federal Question.

2. This is an action to redress the deprivation under color of statute, ordinance, regulation, custom, or usage of a right, privilege, and immunity secured to plaintiffs by the Fourth, Fifth and Fourteenth Amendments to the Constitution of the United States (42 U.S.C. § 1983) and arising under the law and statutes of the State of New York.

3. Jurisdiction is founded upon 28 U.S.C. Sections 1331, 1343(3) and 1343(4), this being an action authorized by law to redress the

deprivation under color of law, statute, ordinance, regulation, custom and usage of a right, privilege, and immunity secured to plaintiffs by the Fourth, Fifth and Fourteenth Amendments to the Constitution of the United States.

4. That venue is proper pursuant to 28 U.S.C. § 1391 (b) (1&2).

5. The matter in controversy exceeds, exclusive of interest and costs, the sum or value of ONE HUNDRED FIFTY THOUSAND ($150,000.00) DOLLARS.

6. That an award of attorney's fees is appropriate pursuant to 42 U.S.C. § 1988.

## PARTIES

7. That the plaintiffs two Hispanic males and a Hispanic female, are residents of the County of Queens, State of New York.

8. Upon information and belief, that at all times hereinafter mentioned, the defendant, CITY OF NEW YORK (NYC), was and still is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

9. Upon information and belief, that at all times hereinafter mentioned, the defendant, CITY OF NEW YORK, its agents, servants and employees operated, maintained and controlled the NEW YORK CITY POLICE DEPARTMENT (NYCPD), including all the police officers thereof and that NYC is vicariously liable for the violations of New York State tort law by its servants, agents and employees via

the principle of respondeat superior as at all relevant times all defendant officers were acting for, upon, and in furtherance of the business of their employer and within the scope of their employment.

10. Upon information and belief, that at all times hereinafter mentioned, defendants POLICE OFFICERS MAGUIRRE, SHIELD #20310, MONROE, KUSHNER, SHIELD #3544, and KENNETH FOLEY, TAX REG #890025, LIEUTENANT FALTINGS and UNIDENTIFIED NEW YORK CITY POLICE OFFICERS were employed by the defendant, CITY OF NEW YORK, as police officers in New York City, New York.

11. The NEW YORK CITY POLICE DEPARTMENT, is a local governmental agency, duly formed and operating under and by virtue of the Laws and Constitution of the State of New York and the defendant, CITY OF NEW YORK, is responsible for the policies, practices and customs of the New York City Police Department as well as the hiring, screening, training, supervising, controlling and disciplining of its police officers and civilian employees.

12. This action arises under the United States Constitution, particularly under provisions of the Fourth, Fifth and Fourteenth Amendments of the Constitution of the United States, and under federal law, particularly the Civil Rights Act, Title 42 of the United States Code, Section 1983 and the rights under the Constitution and laws of the State of New York.

13. Each and all of the acts of the defendants, alleged herein were done by the defendants, their agents, servants and employees, and each of them not as individuals, but under the color and pretense of the statutes, ordinances, regulations, customs and usages of the State of New York, the City of New York, and under the authority of their office as police officers of said state, county and city.

## PENDENT STATE CLAIMS

14. That Notice of the Plaintiffs' claims, the nature of the claims and the date of, the time when, the place where and the manner in which the claims arose were duly served upon the Comptroller of the defendant, CITY OF NEW YORK, on or about December 11, 2001.

15. A 50-H hearing was requested and conducted as to plaintiffs.

16. That more than thirty days have elapsed since the Notices of Claim and Intention to Sue have been served upon the defendants and the said defendants have neglected or refused to make any adjustment or payment thereof.

17. That this action is commenced within one year and ninety days after the causes of action arose.

18. That New York CPLR § 1601 does not apply pursuant to the exception provided by CPLR § 1602(1)(b).

## STATEMENT OF FACTS

19. The plaintiffs were falsely arrested on 11/06/01 at about 6:00

4

PM near the corner of 98th Street and Alstyne Avenue, Queens, New York at the 110th precinct in Queens, New York. At this time plaintiff DAVID LUIS was walking to go home when defendant MAGUIRE unlawfully arrested, handcuffed, assaulted him. DAVID LUIS was then unnecessarily handcuffed for about seven hours causing bodily injury. Plaintiff GABRIELA HERRERA was grabbed by defendants and MAGUIRE pushed her to the ground, handcuffed, arrested and assaulted plaintiff. Defendants intentionally exposed her chest. Plaintiff URBANO LUIS was assaulted, falsely arrested and imprisoned by the defendants. All the plaintiffs were unlawfully imprisoned until their release on November 7, 2001 and forced to appear in court thereafter until the false charges against them were dismissed.

## AS AND FOR A FIRST CAUSE OF ACTION
## ON BEHALF OF PLAINTIFFS

20. Plaintiffs repeat, reiterate and reallege each and every allegation contained in the prior paragraphs with the same force and effect as is more fully and at length set forth herein.

21. That the plaintiffs' rights have been violated under the Fourth, Fifth and Fourteenth amendments of the United States Constitution pursuant to 42 U.S.C. § 1983. Plaintiffs were unlawfully seized, detained, assaulted, arrested, imprisoned, searched as to both their person and their property, had their rights to privacy violated and were subjected to abuse of process and intentional infliction of emotional distress. Plaintiffs were

5

subjected to unreasonable force by the defendants.

22. As a direct result of defendants' actions, plaintiffs were deprived of rights, privileges and immunities under the Fourth, Fifth and Fourteenth Amendments of the United States Constitution being more particularly plaintiffs' rights: to be secure in their persons, papers, and effects against unreasonable searches and seizures; to be free of the unreasonable use of force; not to be deprived of life, liberty, and property without due process of law; to be informed of the nature and cause of the accusation against him/her as secured to him/her under the Fourteenth Amendment of the Constitution of the United States; and the right to the equal protection of the laws secured by the Fourteenth Amendment to the Constitution of the United States; right to remain silent and not be questioned.

23. That the said assaults, detentions, arrests and imprisonments were caused by the defendants, their agents, servants and employees, without any warrant or other legal process and without authority of the law and without any reasonable cause or belief that the plaintiffs were in fact guilty of crimes.

24. That the defendants, their agents, servants and employees acting within the scope of their authority and within the scope of their employment, detained and imprisoned the plaintiffs even though the defendants, their agents, servants and employees, had the opportunity to know or should have known, that the matters

6

hereinbefore were alleged wrongfully, unlawfully and without sufficient charges having been made against the plaintiffs, directed that the plaintiffs be searched and placed in confinement at said locations.

25. That the defendant individual police officers conspired together to violate plaintiffs' rights in that the individual officers acted in concert to unlawfully violate plaintiffs' rights. Said conspiracy included the overt acts of falsely detaining, arresting, assaulting, imprisoning, searching and questioning.

26. That the plaintiffs were innocent of criminal charges and did not contribute in any way to the conduct of the defendants, their agents, servants and employees and were forced by the defendants to submit to the aforesaid arrests and imprisonments thereto entirely against their wills.

27. That as a result of the aforesaid accusations made by defendants, their agents, servants and employees acting under their employment and within the scope of their authority, made falsely, publicly, wickedly and maliciously, the plaintiffs were compelled to appear before the Criminal Court of the City of New York, Queens County.

28. That the defendants, their agents, servants and employees, as set forth aforesaid on the aforementioned dates, times and places, intended to confine the plaintiffs; in that the plaintiffs were conscious of the confinements; plaintiffs did not consent to the

7

confinements; and, that the confinements were not otherwise privileged.

29. That by reason of the unlawful conspiracy, false arrests, assaults, imprisonments and detentions of the plaintiffs, and other violations of plaintiffs' rights, plaintiffs were subjected to great indignities, humiliation and ridicule, in being so detained, charged and prosecuted with various crimes and injured in their credit and circumstances and were then and there prevented and hindered from performing and transacting their necessary affairs and business, and they were caused to suffer pain in both mind and body, the loss of employment and the loss of employment opportunities.

30. That by reason of the aforesaid, the plaintiffs have been damaged in the sum of ONE MILLION ($1,000,000.00) DOLLARS each and are entitled to an award of punitive damages.

## AS AND FOR A SECOND CAUSE OF ACTION
## ON BEHALF OF PLAINTIFFS

31. Plaintiffs repeat, reiterate and reallege each and every allegation contained in the prior paragraphs with the same force and effect as is more fully set forth herein.

32. That on or about the above dates and times, the defendants assaulted plaintiffs; used unnecessary and unreasonable force on plaintiffs; falsely arrested, imprisoned, detained plaintiffs; maliciously prosecuted plaintiffs; forced the plaintiffs to appear in criminal court; libeled and slandered plaintiffs; abused process

against the plaintiffs; intentionally inflicted emotional distress upon the plaintiffs; invaded plaintiffs' privacy; conspired against the plaintiffs; denied plaintiffs their liberty under the laws and Constitution of the State of New York; trespassed against plaintiffs; took plaintiffs' property and otherwise violated plaintiffs' rights under New York law.

33. That by reason of the aforesaid committed by the defendants, their agents, servants and employees, acting within the scope of their employment and authority, and without probable or reasonable cause, the plaintiffs' rights were violated under New York State common, statutory and constitutional law and plaintiffs suffered injury, and that they were otherwise damaged. The defendant CITY OF NEW YORK is vicariously liable for the conduct of its employees.

34. That by reason of the aforesaid, plaintiffs have been damaged in the sum of ONE MILLION ($1,000,000.00) DOLLARS each and are entitled to an award of punitive damages.

## AS AND FOR A THIRD CAUSE OF ACTION ON BEHALF OF PLAINTIFFS

35. Plaintiffs repeat, reiterate and reallege each and every allegation contained in the prior paragraphs with the same force and effect as is more fully set forth herein.

36. That the defendant, THE CITY OF NEW YORK was negligent, careless and reckless in hiring and retaining, properly training and supervising, as and for its employees, the above named

individual defendants and unidentified police officers, in that the said defendants lacked the experience, deportment and ability to be employed by the defendants; in that the defendants failed to exercise due care and caution in their hiring practices, and in particular, in hiring the defendant employees who lacked the mental capacity and the ability to function as employees of the aforementioned defendants; failing to investigate the above named defendants' background and in that they hired and retained as employees of the department individuals who were unqualified in that the defendants lacked the maturity, sensibility and intelligence to be employed when hired to be employees; also in that the defendant, the CITY OF NEW YORK, failed to train their employees in the proper use of weapons and firearms; in the proper method of restraining a suspect; in the proper use of force; to control their tempers and exercise the proper deportment and temperament; and to otherwise act as reasonably prudent police officers; failed to give them proper instruction as to their deportment, behavior and conduct as representatives of their employers.

37. That the aforesaid occurrences and resulting injuries were caused wholly and solely by reason of the negligence of the defendants, their agents, servants and employees without any

negligence on the part of the plaintiffs.

38. That by reason of the aforesaid, the plaintiffs were injured, still suffer and upon information and belief, will continue to suffer physical and mental pain, and the plaintiffs have been otherwise damaged.

39. That by reason of the aforesaid, plaintiffs have been damaged in the sum of ONE MILLION ($1,000,000.00) DOLLARS each.

## AS AND FOR A FOURTH CAUSE OF ACTION ON BEHALF OF PLAINTIFFS

40. Plaintiffs repeat, reiterate and reallege each and every allegation contained in the prior paragraphs with the same force and effect as is more fully set forth herein.

41. That the defendants, their agents, servants and employees negligently, carelessly and recklessly performed their duties in that they failed to use such care in the performance of their duties as a reasonably prudent and careful police officer would have used under similar circumstances in that they carelessly, recklessly and negligently seized the plaintiffs and arrested the plaintiffs without making a proper investigation, in that they were negligent, careless and reckless in the manner in which they operated, controlled and maintained the arrests of the plaintiffs, that the defendants their agents, servants and employees negligently, carelessly and recklessly without provocation and with force against the plaintiffs interfered with plaintiffs' rights of

11

free movement; negligently struck the plaintiffs; negligently, carelessly and recklessly used the threat of physical force and actually used physical force upon the plaintiffs thereat; and in that the defendants, their agents, servants and employees were otherwise careless, reckless and negligent.

42. That the aforesaid occurrences and the resulting injuries to mind and body therefrom, were caused wholly and solely by reason of the negligence of the defendants, its agents, servants and employees without any negligence on the part of the plaintiffs.

43. That by reason of the aforesaid, the plaintiffs were injured.

44. That by reason of the aforesaid, plaintiffs have been damaged in the sum of ONE MILLION ($1,000,000.00) DOLLARS.

## AS AND FOR A FIFTH CAUSE OF ACTION
## ON BEHALF OF PLAINTIFFS

45. Plaintiffs repeat, reiterate and reallege each and every allegation contained in the prior paragraphs with the same force and effect as is more fully set forth herein.

46. That the individual defendants failed in their affirmative duty to intervene to protect the constitutional rights of plaintiffs from infringement by other law enforcement officers in their presence. That by way of the defendant officers' failure to intercede to prevent the harms caused by the actions of the other defendants that they observed depriving the plaintiffs of their constitutional rights and because there were realistic opportunities to intervene to prevent the afore stated harms from

12

occurring, all the above mentioned defendant officers are liable to the plaintiffs for the resulting constitutional deprivations and the resulting aforementioned harms plaintiffs suffered and still suffer from due to defendants failure to exercise their affirmative duty to act.

47. That by reason of the aforesaid, plaintiffs have been damaged in the sum of ONE MILLION ($1,000,000.00) DOLLARS each and are entitled to an award of punitive damages

### AS AND FOR A SIXTH CAUSE OF ACTION ON BEHALF OF PLAINTIFFS

48. Plaintiffs repeat, reiterate and reallege each and every allegation contained in the prior paragraphs with the same force and effect as is more fully set forth herein.

49. Defendants the CITY OF NEW YORK and UNIDENTIFIED POLICE OFFICERS, who were supervisors as a matter of policy and practice, have acted with a callous, reckless and deliberate indifference to plaintiffs' constitutional rights under 42 U.S.C. § 1983, failed to adequately discipline, train or otherwise direct police officers concerning the rights of citizens, thereby causing the defendant officers in this case to engage in the above mentioned conduct and allowing for the continuation of the case in criminal court.

50. Defendants, the CITY OF NEW YORK and UNIDENTIFIED POLICE OFFICERS, who were supervisors, as a matter of policy and practice, have with deliberate indifference failed to properly sanction or discipline police officers, including the defendants in this case,

for violations of the constitutional rights of citizens, thereby causing defendants in this case, to engage in unlawful conduct.

51. Defendants as a matter of policy and practice, have with deliberate indifference failed to sanction or discipline police officers, including the defendants in this case, who are aware of and subsequently conceal violations of the constitutional rights of citizens by other police officers, thereby causing and encouraging police, including defendants in this case, to engage in unlawful conduct.

52. That the defendants have also with deliberate indifference failed to intercede to stop the violation of the plaintiffs' rights.

53. That the defendant police officers, each of them, separately and in concert, acted under color and pretense of law, to wit: under color of the statutes, ordinances, regulations, customs and usages of the CITY OF NEW YORK and the defendants here, separately and in concert, engaged in the illegal conduct above mentioned to the injury of the plaintiffs and deprived plaintiffs of their rights under the Constitution of the United States and the laws of the United States.

54. The Police Officers of the defendant CITY OF NEW YORK and its individual members who are agents, servants and employees of defendants, together with persons unknown to plaintiffs, acting under color of law, have subjected plaintiffs and other persons to

a pattern of conduct consisting of illegal harassments, assaults and batteries, false imprisonments and arrests, racial and ethnic discrimination, and malicious prosecutions at the time said persons were lawfully and properly partaking in lawful activities in exercising their rights to assemble, travel, demonstrate and petition the government in the City and State of New York, in denial of rights, privileges and immunities guaranteed plaintiffs and other citizens by the Constitution of the United States.

55. This systematic pattern of conduct consists of a large number of individual acts of violence, intimidation, false arrest and false imprisonment and malicious prosecution visited on plaintiffs, and other citizens by members of defendant CITY OF NEW YORK's police department and, acting in concert with persons unknown to plaintiffs and under color of law and said acts, while carried out under color of law, have no justification or excuse in law and are instead illegal, improper and unrelated to any activity in which police officers may appropriately and legally engage in the course of protecting persons or property or ensuring civil order.

56. Although defendants knew or should have known of the fact that this pattern of conduct was carried out by their agents, servants and employees, the defendants CITY OF NEW YORK and UNIDENTIFIED POLICE OFFICERS, have not taken any steps nor made any efforts to halt this course of conduct, to make redress to the plaintiffs or other citizens injured thereby, or to take any disciplinary action

whatever against any of their employees or agents.

57. It was and is the policy and custom of the CITY OF NEW YORK to investigate inadequately and improperly civilian complaints of police misconduct. The Internal Affairs Bureau (IAB) and the Civilian Complaint Review Board (CCRB) have substantially failed to investigate and discipline transgressors. Further the CCRB does not investigate thousands of complaints in that they are often referred for investigation to a suspect police officer's co-precinct workers. These investigations are a sham and almost always result in no action against the officer.

58. The CITY has been repeatedly warned over the last at least twenty five years that the NYCPD has a systematic tolerance for brutality.

59. The defendants allow individual police officers to cover up their wrongdoing by helping to perpetuate the "blue wall of silence". The CITY has allowed this code of silence to exist so as to constitute an actual policy of the CITY. The CITY has been deliberately indifferent to the needs of police officers who witness or have information regarding police misconduct. The CITY has failed to properly sanction police officers who withhold information, conceal information and/or aid misconduct by other officers, thereby encouraging police officers to violate the rights of individuals. Further, the CITY fails to take any action against police officers who threaten, intimidate and actually harm other

16

police officers to enforce the code of silence.

60. That the CITY has no system in place to monitor and/or investigate wrongdoing and criminal behavior by police officers brought to its attention through lawsuits and notices of claims.

61. That defendant CITY has failed to criminally investigate and prosecute police officers.

62. That by reason of the aforesaid violations of the constitution and law by the defendants, their agents, servants and employees, who conspired together to wrongfully deprive the plaintiffs and compel them to abandon their rights and privileges as provided in the Constitution of the United States of America, and provided in the Constitution of the State of New York, and laws thereto, the defendants, their agents, servants and employees violated 42 U.S.C. § 1983 in that the defendants, their agents, servants and employees acted as persons who under color of any statute, ordinance, regulation, custom or usage of the CITY OF NEW YORK and UNIDENTIFIED POLICE OFFICERS subjected or caused to be subjected, citizens of the United States or other persons within the jurisdiction, particularly the plaintiffs, thereof to be deprived of their rights, privileges or immunities received by the Constitution and laws of the United States of America and of the State of New York; injured in their character and reputation, prevented from attending their usual businesses and vocations and were injured in their reputation in the community and the acts

aforementioned were committed with the aim of injuring and damaging the plaintiffs.

63. That by reason of the aforesaid, the plaintiffs suffered emotional and/or physical injuries and that they were otherwise damaged.

64. That by reason of the aforesaid, plaintiffs have been damaged in the sum of ONE MILLION ($1,000,000.00) DOLLARS each.

WHEREFORE, plaintiffs demand judgment against the defendants in the sum of ONE MILLION ($1,000,000.00) DOLLARS each and punitive damages on the First Cause Of Action; ONE MILLION ($1,000,000.00) DOLLARS each and punitive damages on the Second Cause of Action; ONE MILLION ($1,000,000.00) DOLLARS each on the Third Cause of Action; ONE MILLION ($1,000,000.00) DOLLARS each on the Fourth Cause of Action; ONE MILLION ($1,000,000.00) DOLLARS each and punitive damages on the Fifth Cause of Action; ONE MILLION ($1,000,000.00) DOLLARS each on the Sixth Cause of Action; and reasonable attorneys' fees; together with costs and disbursements of this action; a trial by jury of all issues involved in this complaint; and such other and further relief as this Court may deem just and proper under the circumstances.

Dated: February 5, 2003
       Queens, New York

THOMAS SHEEHAN, ESQ., TS-1345
CHEDA & SHEEHAN
Attorney for Plaintiffs
76-03 Roosevelt Avenue
Jackson Heights, NY 11372
(718) 478-4868